## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT AKRON

| | |
|---|---|
| **KIMBERLY DEBEER**<br>Individually and as Administrator of<br>the Estate of Daniel DeBeer, deceased,<br>412 Oklahoma Avenue<br>Adrian, MN 56110<br><br>     Plaintiff,<br><br>v.<br><br>**AMAZON LOGISTICS, INC.,**<br>**d/b/a PRIME**<br>C/O United States Corporation<br>Company, Statutory Agent<br>50 W. Broad St, Ste. 1330<br>Columbus, Ohio, 43215<br><br><br>**NORTHWEST EXPRESS, LLC**<br>C/O #1 A BOC-3 Filing, Inc.<br>Statutory Agent<br>Kirk McCracken<br>8167 Main Street, #400<br>Cincinnati, OH 45202<br><br>and<br><br>**JUSTIN NZARAMBA**<br>1350 Peoria Street<br>Apt. 5<br>Aurora, CO 80011<br><br><br>     Defendants.<br>_____/ | Case No.:<br><br>Judge<br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Matthew E. Wright<br>The Law Firm for Truck Safety, LLP<br>840 Crescent Centre Drive, Ste. 310<br>Franklin, TN 37067<br>Phone: (615) 455-3588<br>Facsimile: (615) 468-4540<br>matt@truckaccidents.com<br>www.truckaccidents.com<br>TN 022596<br>*Attorney for Plaintiff* |

1

## SUMMARY

On March 31, 2021, around 3:05 p.m. an Amazon tractor-trailer drove over the highway median and smashed head on into an oncoming truck, killing Daniel DeBeer. Daniel DeBeer was a husband, father of three minor children, and professional truck driver. The purpose of this lawsuit is to hold those entities accountable for their roles in causing this loss for the benefit of his surviving spouse, Kimberly, and their children.

## PARTIES

1.      Plaintiff Kimberly DeBeer, wife of decedent Daniel DeBeer (or "Plaintiff"), is a domiciliary and citizen of the State of Minnesota, residing in Nobles County. On or about July 12th, 2021, the Nobles County Probate Division of the State of Minnesota formally appointed Kimberly DeBeer as the Personal Representative of the Estate of Daniel DeBeer, who died intestate. Kimberly DeBeer brings these claims on her behalf and on behalf of the surviving beneficiaries of Daniel DeBeer for all damages available at law or equity for all related wrongful death and survivor claims.

2.      Defendant Amazon Logistics, Inc. d/b/a Prime ("Defendant Amazon Logistics, Inc.") is a Delaware Corporation with a principal office at 410 Terry Ave. North, Seattle, Washington, 98126. Defendant Amazon Logistics, Inc. is registered as a motor carrier common carrier and motor carrier contract carrier with the Department of Transportation, Federal Motor Carrier Safety Administration under USDOT # 2881058, MC # MC-826094. Defendant Amazon Logistics, Inc. arranges for transport and transports cargo in interstate commerce and regularly conducts business in the

State of Ohio. Defendant Amazon Logistics, Inc. has consented to jurisdiction in the State of Ohio and may be served through its appointed statutory BOC-3 agent for service of process, United States Corporation Company at 50 W. Broad St, Ste. 1330, Columbus, Ohio, 43215, as required by 49 C.F.R. § 366.

3.      Defendant Amazon Logistics, Inc. regularly conducts business in Ohio, including, but not limited to regular truck routes, shipment routes, maintaining warehouse and fulfillment centers and movement of cargo within Ohio on public roadways using both owned and non-owned equipment including truck tractors and trailers. Defendant Amazon Logistics, Inc. hired and entered an arrangement to transport interstate cargo for the trip at issue within the State of Ohio, as set forth herein and entered an arrangement with an Ohio entity and its employees to haul cargo for the trip at issue.

4.      Defendant Northwest Express, LLC ("Defendant Northwest Express") is an unauthorized for-hire motor carrier operating (at the material times) commercial motor vehicles transporting property in interstate commerce registered with the Federal Motor Carrier Safety Administration under USDOT # 3584295 and MC # MC-1211834. Defendant Northwest Express is a business entity organized and existing under the laws of the State of Ohio with its principal place of business in Magnolia, Ohio. Defendant Northwest Express has consented to jurisdiction in Ohio and has designated #1 A BOC-3 Filing, Inc., Kirk McCracken, 8167 Main Street, #400, Cincinnati, OH 45202 as its statutory BOC-3 agent for service of process, as required by 49 C.F.R. §366.

5.     On information and belief, Defendant Justin Nzaramba is, on information and belief, a domiciliary and citizen of Colorado and maintains a residence at 1350 Peoria Street, Apt 5, Aurora, Colorado, 80011.  As a long-haul truck driver, he travels throughout the United States including frequently through the State of Ohio. Defendant Justin Nzaramba entered an arrangement with Defendant Amazon Logistics, Inc. and Defendant Northwest Express to transport cargo in interstate commerce in the State of Ohio, was trained, supervised and monitored on interstate routes from Ohio, employed directly by an Ohio Corporation, regularly transported cargo in interstate commerce within and through the State of Ohio and was regularly dispatched from Ohio.

6.     All the above defendants may collectively be referred to as "Defendants" and such term includes all their agents, employees, joint venturers, borrowed servants/agents, joint agents, and statutory employees.

## JURISDICTION and VENUE

7.     Plaintiff's claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different States.

8.     Once served, the Defendants are subject to the personal jurisdiction of this Court pursuant to Ohio's long arm statute Ohio Rev. Code Ann. § 2307.382 and other laws because they regularly transport cargo on Ohio's highways, and Defendant Amazon Logistics, Inc. and Defendant Northwest Express have appointed registered

agents for service of process in the State of Ohio. All Defendants conduct continuous and systematic trucking operations in the State of Ohio.

9.     Venue is appropriately laid in the Northern District of Ohio, Eastern Division at Akron as many of acts complained of occurred in the State of Ohio and specifically in this District, including Defendant Amazon Logistics, Inc.'s hiring and entering into an arrangement with Defendant Northwest Express and/or Defendant Justin Nzaramba to transport cargo.

## FACTS

10.     As part of the strategy to vertically integrate and dominate domestic transport, Defendant Amazon Logistics, Inc. created and continues to build and expand a logistics network to transport goods from manufacturers and retailers and warehouses to their fulfillment centers to the customers' doorsteps under the retail program known as "Fulfillment by Amazon" whereby Defendant Amazon Logistics, Inc. assumes the full right to control product handling and the transport of goods sold through Amazon Prime on behalf of retailers and manufacturers of products.

11.     When a retail customer orders a product, Defendant Amazon Logistics, Inc. utilizes a combination of owned and branded "Prime" equipment, including trucks, truck-tractors and trailers. In addition to transporting cargo using its owned equipment, Defendant Amazon Logistics, Inc. has developed an extensive network of non-owned equipment and equipment operators through arrangements with other parties who may not be directly employed by Defendant Amazon Logistics, Inc., after

5

Defendant Amazon Logistics, Inc. has accepted tender of the tender of the cargo and legally bound itself to transport it.

12.     For the trip at issue, Defendant Amazon Logistics, Inc., permitted, allowed, and entrusted a driver to use and operate equipment Defendant Amazon Logistics, Inc. controlled, including the Defendant Amazon Logistics, Inc.'s "Prime" trailer at issue. Defendant Justin Nzaramba was a permissive user of this equipment and trailer.

13.     On information and belief, Defendant Amazon Logistics, Inc. is a wholly owned subsidiary of Amazon.com, Inc. and/or Amazon.com, LLC.

14.     The Amazon logistics network is managed and controlled by Defendant Amazon Logistics, Inc.

15.     As part of its strategy, Defendant Amazon Logistics, Inc. routinely enters into arrangements with other parties to deliver cargo and specifically has targeted persons with little or no transportation experience. The purpose of Defendant Amazon Logistics, Inc. targeting people with little or no experience in trucking is because those persons are more likely to perform transportation services at lower than market rates, which serves the purpose of eliminating or reducing competition in the transportation services industry. Defendant Amazon Logistics, Inc., directly through advertising, represents to the targeted persons they can earn "$300,000 per year" hauling cargo for Amazon, which is based on misleading data and unrealistic assumptions.

16.    The practical effect of this "race to the bottom" is to disincentivize competent, safe drivers and motor carriers to transport cargo at the rates Defendant Amazon Logistics, Inc. is willing to pay.

17.    Defendant Amazon Logistics, Inc. uses programs to ensure packages are delivered rapidly, with emphasis that packages must be delivered precisely when the Defendant Amazon Logistics, Inc. promised the end customer. Often, the schedule Defendant Amazon Logistics, Inc. creates for delivery times is unrealistic for drivers to safely deliver the packages and increases the risk of drivers operating commercial motor vehicles while fatigued or distracted such that the drivers' continued operation of commercial motor vehicles is unsafe and increases the risk of harm to the motoring public.

18.    If the drivers do not meet the on-time delivery expectations, the Defendant Amazon Logistics, Inc., through their arrangements with those drivers and other carriers, retains the right to penalize the drivers for their failure to do so and closely tracks and monitors metrics through software applications ("apps").

19.    Motor carriers and truck drivers can join the Defendant Amazon Logistics, Inc. network by applying to "partner with Amazon" to haul cargo. All that is needed is equipment, insurance, motor carrier authority and not to have an "unsatisfactory" rating from the Federal Motor Carrier Safety Administration.

20.    On information and belief, most drivers and/or motor carriers that "partner with Amazon" are newly formed trucking companies and are "unrated" with the Federal Motor Carrier Safety Administration. An "unrated" motor carrier is a motor

carrier that has not yet undergone a compliance review with the Federal Motor Carrier Safety Administration. The application process to obtain motor carrier authority with the Federal Motor Carrier Safety Administration only requires the applicant certify on Section Four (4) of Form OP-1 that he or she "has access to and is familiar with all applicable USDOT regulations relating to safe operation of commercial motor vehicles…and will comply with these regulations."

21.    At the time motor carrier authority is granted to applicants, there often has been no verification by the Federal Motor Carrier Safety Administration - or any other third party - that the motor carriers do have adequate policies and procedures in place to prevent the risks associated with unsafe and fatigued driving, among other risks. As a result, under industry custom and practice, reasonably safe entities who utilize other companies to haul cargo on their behalf independently investigate the adequacy of such policies and procedures when considering whether to hire those other companies and drivers. Defendant Amazon Logistics, Inc. has no such policy to do so.

22.    Defendant Amazon Logistics, Inc. also utilizes an App called "Amazon Relay" which is a "'load board" where "partners" can log in and view loads available for transit in Amazon provided trailers.

23.    The assignments on the Load Board are preset by Defendant Amazon Logistics, Inc.  to include details such as the departure time and location for the trip, arrival and departure time of each stop along the way, and the required arrival time at the destination.

8

24.     Some cargo loads involve "drop and hook" operations, that involve connecting the truck to a preloaded Amazon trailer ("AZNG" code) at the warehouse pickup location to deliver to the destination while others involve motor carriers or drivers supplying their own trailers.

25.     The payment amount by Defendant Amazon Logistics, Inc. for loads listed on their load board is not negotiable and generally is preset for each assignment.

26.     Once a motor carrier or driver books an assignment, the carrier must then assign a driver through the Amazon Relay app (or similar app) which then appears on the driver's Amazon Relay phone app or similar app.

27.     Through the Defendant Amazon Logistics, Inc.' mobile-based Relay app for iOS and Android devices, drivers can view and manage load status, report delays, and use commercial navigation provided through the Amazon Relay app or similar app.

## THE DEFENDANT AMAZON LOGISTICS, INC.'S ARRANGEMENT WITH DEFENDANT NORTHWEST EXPRESS, LLC AND DEFENDANT JUSTIN NZARAMBA

28.     Pursuant to Defendant Amazon Logistics, Inc.'s custom and practice of recruiting truck drivers and/or motor carriers with little or no experience who will work for less than market rates, Defendant Amazon Logistics, Inc. recruited and entered an arrangement with an entity called "Northwest Express," which was one incarnation of a chameleon carrier described herein, and Defendant Justin Nzaramba.

29.     On information and belief, the "Northwest Express" entity was formed February 24th, 2021, with a principal office address at a single-family residence at

10190 S. Valleydale St., Magnolia, Ohio 44643. Defendant Northwest Express was granted motor property common carrier authority on March 26th, 2021.

30.    According to the State of Ohio Certificate issued by the Ohio Secretary of State, Bakhtier Azzizkhodjaev was the incorporator and registered agent for service of process for Defendant Northwest Express.

31.    On information and belief and pending discovery, Defendant Amazon Logistics, Inc. entered an arrangement with Defendant Northwest Express and/or its driver Defendant Justin Nzaramba to haul Amazon cargo using Amazon Prime trailers on or around March 26th, 2021.

32.    At or near that time, it was known to Defendant Amazon Logistics, Inc., or should have been known in the exercise of reasonable diligence, that Bakhtier Azzizkhodjaev and/or his affiliates had been engaged in a pattern indicative of operating "chameleon carriers."

33.    A "chameleon carrier" is a series of trucking companies that operate for short periods of time until their motor carrier authority is involuntarily revoked by the Federal Motor Carrier Safety Administration. Thereafter, chameleon carriers reopen or shift trucking operations under different names or entities.

34.    A simple internet search would have revealed on February 24th, 2021 that Bakhtier Azzizkhodjaev incorporated in the State of Ohio entities under the following names in order to solicit and accept bids for cargo and for which to use in the event one or more entities should lose motor carrier authority:

(1)    "Northwest Express, LLC"

10

(2)     "Inter Cargo LLC"

(3)     "Freightmovers LLC"

(4)     "Ontime Express LLC"

(5)     "Optima Freight LLC"

35.     The entities listed above were shells with no significant assets, employees, or experience in the trucking or transportation industries and Defendant Amazon Logistics, Inc. uses them to conduct its transportation operations – a fleet of inexperienced, unsafe drivers lacking any established safety history.

36.     By March 25th, 2021, Defendant Amazon Logistics, Inc. accepted tender of a cargo shipment (Amazon Prime packages from an Amazon warehouse) under the motor carrier authority of Amazon Logistics, Inc. and bound itself to transport the cargo.

37.     49 C.F.R. § 373.101 provides "[e]very motor carrier subject to 49 C.F.R. § 373.100 shall issue a receipt or bill of lading for property tendered for transportation in interstate commerce containing the following information: (a) Names of consignor and consignee. (b) Origin and destination points. (c) Number of packages. (d) Description of freight. (e) Weight, volume, or measurement of freight (if appliable to the rating of the freight)."

38.     Defendant Amazon Logistics, Inc., on information and belief, generated a "Bill of Lading" (a contract for carriage) with number "TEB9_B012_9a0366a3-9183-4942-8fe1-85e2001c95e5" dated March 25th, 2021 and listed the carrier as "ALUGU" which, on information and belief, is the internal code for Defendant Amazon Logistics, Inc.

and listed "AZNG" which in the standard code for an Amazon leased, owned and/or controlled trailer, listed as trailer "21630."

39.    The Bill of Lading listed the shipper as "Amazon Fulfillment Services" and the load origin as an Amazon warehouse facility at 601 Randolph Road, Somerset, N.J. 08873, destined to an Amazon Fulfillment Center facility at 5295 E. Franklin Road, Nampa, Idaho 83687 and consisted of 2106 cartons of packages ("Cargo") with a weight of 22946.45 pounds.

40.    Defendant Amazon Logistics, Inc. legally bound itself to transport this Cargo and had the authority to do so under its motor carrier authority.

41.    Defendant Amazon Logistics, Inc. entered into an arrangement with Defendant Northwest Express and driver Defendant Justin Nzaramba to haul the cargo on Defendant Amazon Logistics, Inc.'s behalf and for which they retained the right to control many of the key aspects of the delivery of the Cargo, and for which the Defendant Amazon Logistics, Inc. retained the right to penalize the driver for late deliveries.

42.    This trip originated at an Amazon warehouse at 601 Randolph Road, Somerset, New Jersey, 08873 and was intended for delivery across the country to another Amazon facility – a fulfillment center – located at 5295 E. Franklin Road, Nampa, Idaho 83687. The trip was approximately 2,468 miles and was to be completed by a single driver within a strict deadline and subject to different penalties if not timely completed.  The pick-up was to occur on March 25th, 2021, at the Amazon warehouse in Somerset, New Jersey.

43. To ensure the strict time deadlines were met by its drivers, Defendant Amazon Logistics, Inc. maintained sophisticated telematics systems on its branded Prime trailers and had real time access to global positioning data and knew or should have known the position of the equipment and whether the tractor-trailer was on track to meet or miss the delivery deadlines.

44. Defendant Justin Nzaramba had been driving on I-80 West, generally, a 2018 Volvo truck-tractor connected to a white "AZNG" (Amazon) Stoughton trailer registered in Wisconsin # 686761 and the 2018 Volvo Truck was registered in Ohio under # PWG6920 and VIN # 4V4NC9EH7JJN899142.

45. Defendant Amazon Logistics, Inc. knew of or should have known that – on this very trip from New Jersey intended for Idaho - Defendant Justin Nzaramba lost control of the tractor-trailer, driving it into the median of Highway 80 and was cited for "Failure to maintain control" of the tractor-trailer. This crash occurred **before** the fatal crash occurred that killed Daniel DeBeer in the days thereafter. It is believed a combination of fatigue, distraction, or both contributed to cause this first incident of loss of control of the eighteen-wheeler.

46. The first crash that occurred in Iowa placed the trip significantly behind schedule and required repairs to be performed on the truck-tractor, on information and belief.

47. Through real time telematics, Defendant Amazon Logistics, Inc. would have immediately known about this dangerous crash in Iowa and been aware that Defendant Justin Nzaramba was fatigued or distracted and that his continued

operation of a nearly 80,000-pound tractor-trailer constituted an increased risk of harm to the motoring public.

48.     Despite this actual or constructive knowledge, Defendant Amazon Logistics, Inc. permitted and allowed Defendant Justin Nzaramba to continue to operate the truck to the scheduled destination.

49.     On March 31st, 2021, at or around 3:10 pm, Defendant Justin Nzaramba was driving tractor-trailer headed generally West on I-80 at highway speeds when he - either impaired by fatigue or distraction or both – veered off the roadway left **again** and into the center median. At that time, roadway conditions were clear and unobstructed.

50.     The tractor-trailer crossed the center median entirely and traveled into the oncoming lane of traffic headed East on I-80. At that same time, Daniel DeBeer was traveling in a 2007 Peterbilt truck tractor pulling a flatbed trailer loaded with farm equipment.

51.     The Volvo truck collided and smashed head-on with DeBeer in his 2007 Peterbilt truck, causing both the 2007 Peterbilt and 2018 Volvo to become engulfed in flames.

52.     Daniel DeBeer was killed as a direct result of the fiery crash caused when the eighteen-wheeler slammed into his truck.

### APPLICABLE LAW TO TRANSPORTATION ARRANGEMENTS

53.     49 U.S.C. § 13901(c) requires "for each agreement to provide transportation or service for which registration is required under this chapter, the registrant shall

specify, in writing, the authority under which the person is providing such transportation or service."

54.     Pursuant to the Bill of Lading issued by Defendant Amazon Logistics, Inc. that was in effect at the time Defendant Amazon Logistics, Inc. accepted the tender of the Cargo, Defendant Amazon Logistics, Inc. specified in writing Defendant Amazon Logistics, Inc. was providing transportation or services under carrier authority.

55.     Defendant Amazon Logistics, Inc. is a "motor carrier providing transportation…that uses motor vehicles not owned by it to transport property under an arrangement with another party" 49 U.S.C. § 14102(a) and is bound to comply with all applicable provisions of the Federal Motor Carrier Safety Regulations.

56.     When Defendant Amazon Logistics, Inc. entered an arrangement with Defendant Northwest Express and/or Defendant Justin Nzaramba to use vehicles not owned by them to transport property, the Defendant Amazon Logistics, Inc. assumed legal possession, control and use of the equipment including the truck-tractor involved in the crash under 49 U.S.C. § 14102(a); 49 C.F.R. § 376.11-376.12(c); 49 C.F.R. § 376.26; 49 C.F.R. § 390.5 (defining employer and employee to include independent contractors).

57.     Defendant Amazon Logistics, Inc. is liable (vicariously and otherwise) for the acts of its agent/borrowed servant and statutory employee, Defendant Northwest Express and/or Defendant Justin Nzaramba.

58.     Defendant Amazon Logistics, Inc. aided and abetted violations of the Federal Motor Carrier Safety Regulations and engaged in civil conspiracy to circumvent those regulations.

## CLAIMS FOR RELIEF

## WRONGFUL DEATH

59.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this claim for relief by reference.

60.     Plaintiff brings this Cause of Action under Ohio's Wrongful Death Statute, found at O.R.C. § 2125 against all Defendants.

61.     As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer's next of kin and beneficiaries, including his wife Kimberly DeBeer and his three (3) minor sons, have experienced loss of support; loss of services; loss of inheritance; loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

62.     Daniel DeBeer's next of kin have experienced past grief, mental anguish and bereavement as a result of his death and will experience the same in the future, proximately and directly caused by the negligence of all Defendants, as set forth in greater detail herein.

**SURVIVAL ACTION**

63.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

64.     As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer experienced terror and conscious anguish, suffering and pain prior to his death.

**COMMON CLAIMS FOR RELIEF AGAINST DEFENDANT AMAZON LOGISTICS, INC. AND DEFENDANT NORTHWEST EXPRESS, LLC**

65.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

66.     Defendant Amazon Logistics, Inc. and Defendant Northwest Express owed non-delegable duties to the motoring public and as set forth under Restatement (2d) of Torts, § 428, § 414 and other applicable law.

67.     Plaintiff brings the following claims for relief against Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC:

> (1)     Negligence;
>
> (2)     Negligence of Defendant Amazon Logistics, Inc. in the selection and hiring of Defendant Northwest Express and/or Defendant Justin Nzaramba and under Restatement of Torts (2nd) § 411;
>
> (3)     Negligence in the hiring, retention, supervision, and training of Defendant Justin Nzaramba.
>
> (4)     Negligence in the entrustment of the equipment (truck and trailer) to Defendant Justin Nzaramba.

(5)    Vicarious liability for the acts, omissions and negligence of its agent and borrowed servant Defendant Justin Nzaramba;

(6)    Joint venture/enterprise liability;

(7)    Master/servant liability, respondeat superior, vicarious liability;

(8)    Liability as statutory employer of Defendant Justin Nzaramba and as having exclusive possession, control, use and complete responsibility for the equipment and complete responsibility for its operation under 49 U.S.C. § 14102(a), 49 C.F.R. §§ 376.11-12(c); 376.26; 49 C.F.R. § 390.5:

(9)    Coercion of driver(s) to operate under unsafe conditions and while fatigued or distracted under 49 C.F.R. § 390.6, 49 C.F.R. § 390.11, 49 C.F.R. § 390.13 (aiding and abetting); and

(10)   Civil conspiracy.

68.    As a legal and proximate result of Defendant Amazon Logistics, Inc. and Defendant Northwest Express's acts or omissions, negligence, coercion, aiding and abetting, and civil conspiracy, Defendant Amazon Logistics, Inc. and Defendant Northwest Express are liable for their acts and omissions under borrowed servant, joint servant, agency, master/servant, statutory employment, negligent entrustment, and negligence. Daniel DeBeer was killed and he and his survivors' suffered injuries and damages as a proximate and legal result thereof and for which his surviving family members and beneficiaries are entitled to recover, as set forth more fully below.

69.     Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC had duties to act reasonably in hiring, instructing, training, supervising, and retaining all drivers operating under their federal motor carrier operating authority and other employees and agents, including Defendant Justin Nzaramba, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC had a duty to exercise reasonable care in all their actions and omissions.

70.     Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC had duties to exercise reasonable care in entrusting their equipment and vehicles to responsible, competent, safe, and qualified drivers.

71.     Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC failed in the above-mentioned duties and were therefore negligent.

72.     Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC's negligence were the direct and proximate cause of the injuries and death of Daniel DeBeer, and the damages described in this Complaint.

73.     Defendant Amazon Logistics, Inc. and Defendant Northwest Express, LLC's actions demonstrated a conscious disregard for the rights and safety of Daniel DeBeer and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm.   Accordingly, Plaintiff demands punitive damages against Defendants, as set forth more fully below.

## **NEGLIGENCE OF DEFENDANT JUSTIN NZARAMBA**

74.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

75.     On or about March 31, 2021, Defendant Justin Nzaramba was driving a tractor-trailer westbound on Interstate 80 in Rock Springs, Sweetwater County, Wyoming.

76.     At or about the same time, Daniel DeBeer was driving a tractor-trailer eastbound on Interstate 80 in Rock Springs, Sweetwater County, Wyoming.

77.     Defendant Justin Nzaramba left his lane of travel, crossed the median and entered the eastbound lanes of Interstate 80 and struck the tractor-trailer driven by Daniel DeBeer.

78.     Defendant Justin Nzaramba had a duty to drive the Amazon truck and trailer in a safe and reasonable manner, maintain control of the truck and trailer in its lane, to obey all traffic laws, to identify other vehicles on the road, including Daniel DeBeer, and to recognize oncoming traffic.

79.     On March 31, 2021, Defendant Justin Nzaramba failed in the above-mentioned duties and is therefore negligent.

80.     Plaintiff brings claims against Defendant Justin Nzaramba (and for which Defendant Amazon Logistics, Inc. and Defendant Northwest Express are liable) for:

> (1) Negligence; and
>
> (2) Negligence *per se* for violations of Wyoming statutes including but not
>
> limited to Wyo. Stat. § 31-5-209 (Driving on roadways laned for traffic),

Wyo. Stat. § 31-5-211 (Driving on divided highways) all of which were in effect at materials time and of which Daniel DeBeer was a member of the class those statutes were intended to protect.

81.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages as set forth more fully herein.

## PUNITIVE DAMAGES

82.     Defendants' actions demonstrate a conscious disregard for the rights and safety of Daniel DeBeer and the rest of the motoring public, acting with reckless indifference to the consequences to others, despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

## DAMAGES

83.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

84.     As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer's next of kin and beneficiaries, including his wife Kimberly DeBeer and his three (3) minor sons, have experienced loss of support; loss of services; loss of inheritance; loss of his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; along with mental pain, anguish and emotional trauma.

85.     As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer's next of kin have experienced past grief, mental anguish and bereavement as a result of his death and will experience the same in the future.

86.     As a direct and proximate result of the negligence of all Defendants, Daniel DeBeer experienced terror and conscious anguish, suffering and pain prior to his death.

### **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief this Honorable Court deems just under the circumstances and for process to issue, trial by jury (6) and for any and all other relief available at law or equity.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.


Respectfully submitted,


/s/*Matthew E. Wright*
Matthew E. Wright
Attorney for Plaintiff